# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD

**LISA LOCKE, also known as**
**LISA DAVIS-LOCKE,**

      **Petitioner,**

v.                                           Case No. 1:13-cv-30050

**SANDRA BUTLER, Warden,**
**FPC Alderson,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time she filed her petition, the petitioner was incarcerated at the Federal Prison Camp in Alderson, West Virginia, serving an aggregate 60-month term of imprisonment imposed by the United States District Court for the District of Columbia, after being convicted on one count of aiding and abetting the possession of stolen mail, in violation of 18 U.S.C. §§ 1708 and 2, and aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2. (ECF No. 1 at 2; *see also* Judgment, Case No. 1:09-cr-00259-JDB-1, ECF No. 70 (D.D.C., Sept. 27, 2010)). The petitioner was also ordered

to pay restitution in the amount of $120,530.08, which was "due immediately," but which the presiding District Judge permitted to be paid through the Federal Bureau of Prison's ("BOP") Inmate Financial Responsibility Program "(IFRP").  (*Id.*)

The petitioner's section 2241 petition asserts that the District Court improperly delegated the calculation of the petitioner's restitution payments and the payment schedule to the BOP, and that her inability to comply with that schedule placed her in "refusal" status, which affected her prison privileges.  The petitioner sought an order amending the payment schedule in light of her current financial resources.  According to the Federal Bureau of Prison's inmate locator, www.bop.gov, the petitioner was released from custody on May 29, 2015, and is no longer subject to the IFRP.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.  U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  When a case or controversy no longer exists, the claim is said to be "moot."  In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.  *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

The petitioner's Memorandum in support of her section 2241 petition addressed 18 U.S.C. § 3664(k), which permits the sentencing court to establish a specific schedule

2

of restitution payments and to adjust the same upon a showing that there has been a material change in the defendant's economic circumstances that might affect the ability to pay restitution. *See* 18 U.S.C. § 3664(k). To the extent that the petitioner intended or still intends to seek such relief now that she has been released from custody, a proper request must be made to the United States District Court for the District of Columbia, as this court cannot grant the petitioner such relief.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot in light of her release from custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at her last known address.

October 24, 2016

Dwane L. Tinsley
United States Magistrate Judge